JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Clarence Green appeals from his convictions for safecracking, theft, and vandalism. For the reasons set forth below, we affirm.
 {¶ 2} On August 24, 2006, defendant was indicted pursuant to a four-count indictment in connection with a break-in at Superior Pizza. Count One charged him with tampering with a vault, safe, or strongbox in violation of R.C. 2911.31. Count two charged him with theft of property, valued between $500 and $5,000, in violation of R.C. 2913.02. Count Three charged him with vandalism of property, in violation of R.C. 2909.05. Count Four charged him with breaking and entering, in violation of R.C. 2911.13. Defendant pled not guilty and the matter proceeded to a jury trial on May 7, 2007.
 {¶ 3} The state's evidence established that the burglar alarm at Superior Pizza went off at approximately 5:12 a.m. on the morning of June 22, 2006. Officer Gerald Bronson arrived approximately two hours later and observed the window had been broken and the front of the automatic teller machine ("ATM") was broken. The officer entered after the owner arrived and determined that the rear of the ATM machine was broken and approximately $3,000 was missing. Interior doors were also broken into and various tobacco products were missing. Cleveland Police Detective Darren Robinson testified that he searched for fingerprints near the point of entry, the window, the doors and from the ATM machine. He recovered latent prints, which were then forwarded to a latent fingerprint examiner. *Page 4 
 {¶ 4} Cleveland Police latent fingerprint examiner Felicia Simington testified that six fingerprint "lifts" were forwarded to her, five of which were useable. Each lift contained between one and three fingerprints, which were then scanned into the AFIS system, which then generated a candidate list for each print. The lift, identified as Exhibit 19, had one useable print which generated four possible candidates. Among these candidates, Simington determined, based upon at least ten matching points, that the print matched defendant's left index finger. The lift, identified as Exhibit 21, had three useable prints, which generated a total of fourteen possible candidates. Among these candidates, Simington determined, based upon at least ten matching points, that one print matched defendant's left ring finger and one print matched his left middle finger. The lift, identified as Exhibit 22, had two useable prints, which generated a total of thirteen possible candidates. Among these candidates, Simington determined, based upon at least ten matching points, that one print matched defendant's right index finger and one print matched his right thumb. The remaining lifts either generated no prints or no matches.
 {¶ 5} Simington testified that, following her determination that the prints matched defendant, an issue arose as to whether the prints actually belonged to an individual identified as Terrence Lovett. Simington then compared the prints to a booking card, which was obtained from defendant in September 2006, a booking card obtained in 1995 for an individual booked under the name of Terrence Lovett, *Page 5 
and a booking card obtained in 1989 from defendant. She determined that the prints of defendant and the individual identified as Terrence Lovett were the same fingerprints.
 {¶ 6} The trial court subsequently entered a judgment of acquittal as to the theft charge determining that, since there was a two-hour gap between the time the alarm sounded and the time that police arrived, reasonable minds could conclude that someone other than the initial burglar may have walked off with merchandise from the unsecured store.
 {¶ 7} Defendant then elected to present evidence and testified in his own defense. Defendant provided the court with his W-2 wage statements for the years 2000-2005, which showed earnings of approximately $20,000 per year. Defendant acknowledged being in Superior Pizza before, but was last there approximately one year before the break-in. He denied breaking into the establishment and denied breaking into the ATM machine. The jury subsequently convicted defendant of all of the remaining charges and he now appeals, and assigns three errors for our review.
 {¶ 8} Defendant's first assignment of error states:
 {¶ 9} "The State denied Appellant his right of due process and a fair trial when it failed to disclose exculpatory information about other possible suspects [generated through the AFIS System]." *Page 6 
 {¶ 10} In Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215, the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Undisclosed evidence is "material" for purposes of theBrady rule only if:
 {¶ 11} "There is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley (1985), 473 U.S. 667, 682,105 S.Ct. 3375, 3383, 87 L.Ed.2d 481, 494.
 {¶ 12} Moreover, in United States v. Bencs (6th Cir. 1994),28 F.3d 555, the court held that "Brady generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose," unless prejudice results from the delay itself).
 {¶ 13} In this instance, we do not accept the claim that information about the other suspects generated through the AFIS System was exculpatory since Simington testified that they were ruled out through further comparison. We therefore cannot say that there is a reasonable probability that the outcome of the trial would have been different given this information. Moreover, since this information was presented during the trial, there exists no Brady violation requiring a new trial. See *Page 7 State v. Wickline (1990), 50 Ohio St.3d 114, 552 N.E.2d 913. Moreover, we discern no prejudice from the delay in providing this information and we additionally note that the defense sought and was granted funds for an independent fingerprint analysis.
 {¶ 14} This assignment of error lacks merit.
 {¶ 15} Defendant's second assignment of error states:
 {¶ 16} "The State denied Appellant his right of due process when it erroneously elicited inflammatory and prejudicial evidence of his prior arrests."
 {¶ 17} As noted earlier, Cleveland Police fingerprint examiner Melissa Simington testified that, following her AFIS inquiry, an issue arose as to whether the prints actually belonged to an individual identified as Terrence Lovett. Simington then compared the prints to a booking card, which was obtained from defendant in September 2006, a booking card obtained in 1995 for an individual booked under the name of Terrence Lovett, and a booking card obtained in 1989 from defendant. She determined that the prints of defendant and the individual identified as Terrence Lovett were the same fingerprints. There was no objection to this testimony as defense clearly wanted this information to be admitted in light of its repeated statements that Lovett was another individual with an extensive felony record. We find no plain error. Cf. State v.Simmons, Jefferson App. No. 06 JE 4, 2007-Ohio-1570.
 {¶ 18} We therefore overrule this assignment of error. *Page 8 
 {¶ 19} Defendant's third assignment of error states:
 {¶ 20} "The Appellant's convictions are against the manifest weight of the evidence."
 {¶ 21} In State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541, the court illuminated its test for manifest weight of the evidence as follows:
 {¶ 22} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.' It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 {¶ 23} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id., citingTibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220,72 L.Ed.2d 652, 663. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and *Page 9 
created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721.
 {¶ 24} The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
 {¶ 25} In this matter, we cannot say that the jury lost its way in convicting defendant of the offenses. The extensive fingerprint evidence from different fingers of both hands constitutes compelling evidence in this matter. Although defendant has clearly held gainful employment for a period of years, there was no wage information for 2006, the year of the break-in, and his testimony was not sufficient to create reasonable doubt as to his whereabouts at the time of the break-in. Finally, although defendant claimed that he had cash of his own, based upon bank records, it was not clear that he had authority over the funds in this account.
 {¶ 26} This assignment of error lacks merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case *Page 10 
remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1